```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                       AT CHARLOTTESVILLE, VA
                                                              FILED

                 UNITED STATES DISTRICT COURT                11/22/2019
              FOR THE DISTRICT OF WESTERN VIRGINIA         JULIA C. DUDLEY, CLERK
                     CHARLOTTESVILLE DIVISION            BY: H. Wheeler
                                                             DEPUTY CLERK
```

| | : | |
|---|---|---|
| **JANE DOE,** | : | |
| | : | **COMPLAINT and JURY DEMAND** |
| Plaintiff, | : | |
| | : | Case No. 3:19CV00070 |
| vs. | : | |
| | : | |
| **RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA and CHRIS GHAEMMAGHAMI,** | : : : : | |
| | : | |
| Defendants. | : | |

Plaintiff, Jane Doe, by counsel, for her Complaint against Defendants, alleges as follows:

### JURISDICTION

This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4) as well as 28 U.S.C. § 1367(a).

### PARTIES

1. Plaintiff is a citizen and resident of the State of Virginia, living in the Charlottesville area.

2. The Rector and Visitors of the University of Virginia, by virtue of their position, exercise supervision and control over the University of Virginia Health System, including the University of Virginia Medical Center.

3. Chris Ghaemmaghami is the interim Chief Executive Officer of the University of Virginia Medical Center. He is sued in his official capacity.

## FACTS

4. On January 11, 2018, Plaintiff attempted suicide by placing a hose in the exhaust pipe of her car running into the passenger compartment.

5. Plaintiff was found in her car and, pursuant to a "paperless" custody order by a police officer, was taken by the Charlottesville Albemarle Rescue Squad to the University of Virginia Medical Center emergency room.

6. Plaintiff was told by the nurse responsible for her care in the emergency room, that blood would be drawn and that Plaintiff had to give a urine sample but he never explained why. Plaintiff objected and was told that the Emergency Custody Order authorized the taking of the samples and the provision of medications even if she objected.

7. Because of her strenuous objections to blood work and the urine sample, Plaintiff was administered a series of injections under instructions from the physicians responsible for her care designed to medically restrain her. The medications included zyprex, a psychoactive drug, benadryl, often used as a sleep aid, and ativan, a sedative also used to combat anxiety.

8. Plaintiff was then surrounded by five employees of the Medical Center, her arm was forcibly held against her wishes, and blood extracted against her will.

9. Since the medications did not have their desired effect, Plaintiff was later injected with ketamine, another psychoactive drug that induces a trance-like state while providing sedation, and memory loss. This was administered on orders from the doctors responsible for her care and done for the sole purpose of extracting urine from Plaintiff against her will.

10. At no time did any employee of the Medical Center advise Plaintiff of the drugs she was administered or why, nor of the likely effects and potential side effects of those medications.

11. Plaintiff was then placed in physical restraints on orders from the doctors for the sole purpose of extracting urine from Plaintiff.

12. Since Plaintiff still refused to provide a urine sample, her doctors directed staff to insert a silicone tube, known as a urinary catheter, into the Plaintiff's bladder via the urethra and urine was extracted from her.

13. At all times relevant to this complaint Plaintiff was competent to make decisions concerning her treatment.

14. Plaintiff is currently diagnosed with post traumatic stress disorder and has been actively involved in treatment for that condition. The conduct of the employees of the Medical Center as described above severely exacerbated her condition.

15. On information and belief, it is the practice in the emergency room to force treatment and medications on unwilling but competent patients and to administer drugs to those persons without their consent and without advising them of the medications and their expected effect including any potential adverse effects.

16. Jane Doe has been subject to dozens of emergency custody orders in the past and in each instance she was taken to UVA Medical Center. It is the only hospital where people who live in the Charlottesville area subject to such orders are taken.

17. Given her diagnosis of PTSD and her mental health history, it is likely that there will be another instance in which Jane Doe will be taken to UVA Medical Center under an

emergency custody order and that she will again be forced to allow a sample of blood and urine to be taken from her.

18. Defendants' agents and employees have and continue to insist that, pursuant to an emergency custody order, they have a right to forcibly administer drugs when they deem it appropriate to do so. They also maintain that they have no obligation to advise patients in Jane Doe's circumstance of the drugs they are administering or their likely effects and potential adverse effects.

## CAUSES OF ACTION

### First Cause of Action
### (Violation of Plaintiff's Liberty Interest)

19. Plaintiff has a protected liberty interest in refusing unwanted medical treatment, including, but not limited to psychoactive medications and the intrusive medical procedures as outlined above.

20. The conduct of Defendants' employees, as set forth herein, by forcibly injecting drugs into Plaintiff, placing her in restraints, extracting blood without her consent and against her will, inserting a catheter to obtain urine without her consent and against her will, violated the Fourth and Fourteenth Amendments to the United States Constitution.

21. As a direct and proximate result of the conduct described herein, Plaintiff suffered physical harm and severe emotional distress.

### Second Cause of Action
### (Violation of Due Process by Denying Informed Consent)

22. Plaintiff has a protected liberty interest in knowing what drugs she is being administered and to give informed consent.

23. The conduct of Defendants' employees herein violated Plaintiff's right to know what substances were injected into her body and to give informed consent for those drugs in violation of the Fourteenth Amendment to the United States Constitution.

24. As a direct and proximate result of the conduct described herein, Plaintiff suffered physical harm and severe emotional distress.

### Third Cause of Action
### (Violation of 4th and 14th Amendments by Physically Restraining Plaintiff)

25. Plaintiff has a right, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free of restraints.

26. The conduct of Defendants' employees herein violated Plaintiff's right to be free of restraints, either medical or physical.

27. As a direct and proximate result of the conduct described herein, Plaintiff suffered physical harm and severe emotional distress.

**WHEREFORE**, Plaintiff seeks judgment against the Defendants for the following relief:

a. A declaratory judgment that Plaintiff Jane Doe, as a competent adult, had a constitutional right to refuse to allow her blood and urine to be forcibly taken from her on January 11, 2018 and that the conduct described herein violated that right;

b. An injunction directed at Defendants to require all physicians, nurses and other medical care providers to respect the right of Plaintiff, so long as she is competent, to refuse medication or other treatment;

c. A declaratory judgment that Plaintiff Jane Doe had a constitutional right to know what medications were administered to her on January 11, 2018, their intended effect and any possible adverse effects and the conduct described herein violated that right;

d. An injunction directed at the Defendants to require all physicians, nurses and other medical care providers at the University of Virginia Medical Center to inform Plaintiff of the medications being administered to her, their intended effect and any possible adverse effects and to obtain consent for the use of those medications;

e. A declaratory judgment that restraining Jane Doe on January 11, 2018 by use of medications, brute force and physical restraints violated her right to be free of restraints;

f. An injunction directed at Defendants to require all physicians, nurses and other medical care providers not to use medical or physical restraints on Plaintiff for the purpose of administering medications or providing treatment against her wishes;

g. Reasonable attorneys fees and costs against Defendants pursuant to 42 U.S.C. § 1988; and,

h. Such other and further relief as appears reasonable and just.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

                                                 s/Jeffrey E. Fogel
                                                 Jeffrey E. Fogel

Respectfully submitted,
Jane Doe
By Counsel

 s/Jeffrey E. Fogel
Jeffrey E. Fogel, VSB #76345
Attorney at Law
913 E. Jefferson Street
Charlottesville, VA 22902
434-984-0300 (Tel)
434-220-4852 (Fax)
E-mail: Jeff.Fogel@gmail.com
Counsel for Plaintiff